IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY COLLINS, | ) |
| Plaintiff, | ) Case No. 1:19-cv-348 |
| v. | ) |
| WARDEN MICHAEL R. CLARK, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

In this *pro se* civil action, Plaintiff Terry Clark has repeatedly refused to prosecute his claims, despite numerous extensions of time and a prior dismissal for failure to prosecute that was reconsidered and vacated by the undersigned. Because Plaintiff has continually failed to abide by the Court's deadlines to the detriment of Defendants and this Court, his claims will be dismissed, as explained below.

### I.   INTRODUCTION

Plaintiff Terry Clark, an inmate at SCI-Albion, commenced this civil action on November 25, 2019, asserting claims under 42 U.S.C. §1983 against Warden Michael R. Clark, Corrections Officer Ruf, and Sergeant Severino. In his *pro se* complaint, Plaintiff alleged that Ruf used pepper spray on him without warning, knowing that Plaintiff suffered from asthma, and then refused to render first aid when Plaintiff experienced an asthma attack. ECF No. 9. It was further alleged that Severino stood by and watched as the incident unfolded. *Id.*

1

On July 9, 2020, Defendants filed a motion for judgment on the pleadings on behalf of Warden Clark, arguing that the complaint did not establish his personal involvement in any wrongdoing. ECF No. 22. After Plaintiff requested leave to amend his complaint, the Court granted Plaintiff's motion and directed him to file an amended pleading on or before November 5, 2020. ECF Nos. 28, 32. The Court dismissed the Defendants' motion for judgment on the pleadings without prejudice to be reasserted, if warranted, following the filing of Plaintiff's amended pleading. ECF No. 32.

Plaintiff did not amend his complaint by the November 5, 2020 deadline so, on January 15, 2021, the Court directed him to show cause why this civil action should not be dismissed based upon his failure to prosecute the case. ECF No. 36. Plaintiff was given until January 29, 2021 to show cause or, in the alternative, file his amended complaint. *Id.* The Court expressly advised Plaintiff that his failure to comply with the terms of its Order might result in the Court dismissing his case for failure to prosecute this civil action. *Id.*

Plaintiff did not amend his pleading and, on February 9, 2021, Defendants filed a motion to dismiss this action based upon Plaintiff's failure to prosecute his case. See ECF No. 39. Plaintiff was directed to file a response to the motion by March 1, 2021. ECF No. 41.

As of March 12, 2021, no response had been received by the Clerk, so the Court conducted an analysis under *Poulis v. State Farm Fire and Casualty Company,* 747 F.2d 863 (3d Cir. 1984), to determine whether the case should be involuntarily dismissed. After considering the relevant factors, the Court entered a Memorandum Opinion and Order dismissing the case with prejudice based on Plaintiff's failure to prosecute his claims. ECF No. 44, 45.

Thereafter, Plaintiff filed numerous motions for extension of time as well as a document styled "Response Briefing Schedule re [39] Motion to Dismiss/Lack of Prosecution." *See* ECF

2

Nos. 50, 52, 54, 56, 57, 59, 61, and 47. In the latter document, Plaintiff purported to explain the circumstances surrounding the filing of his complaint and his failure to respond to the Court's various orders.

For reasons set forth in the undersigned's November 10, 2021 Memorandum Opinion and Order, ECF Nos. 62 and 63, the Court found that Plaintiff had demonstrated excusable neglect for his prior delinquencies, and it vacated the prior order of dismissal. Among other things, the Court took judicial notice of the fact that, during the fall of 2020, many prisons within this judicial district had imposed restrictions on library access due to the exigencies presented by the Covid-19 pandemic. ECF No. 62 at 4. Having noted Plaintiff's attempt to improperly embed a proposed amended complaint in his "Response Briefing Schedule re [39] Motion to Dismiss/Lack of Prosecution," ECF No. 47, the Court instructed Plaintiff to file his amended pleading as a stand-alone document, in compliance with Federal Rule of Civil Procedure 8(a), on or before December 15, 2021. *Id.* at 5.

In accordance with the Court's ruling, the Clerk reopened this civil action on November 15, 2021. ECF No. 66. Thereafter, Plaintiff sought and received an extension of time to file his amended pleading, the new deadline being January 31, 2022. ECF Nos. 68, 69.

Once again, Plaintiff failed to file his amended complaint within the aforementioned deadline so, on March 2, 2022, Defendants filed their second motion to dismiss this case for lack of prosecution. ECF No. 72. Plaintiff was ordered to respond and did so on April 15, 2022, stating that he had been trying unsuccessfully to obtain copies of the underlying misconduct report from the March 2019 incident that gave rise to his claims. ECF No. 75.

Following a delay (which is not attributable to Plaintiff), the Court held a telephonic hearing on the pending motions on November 17, 2022. During the motion hearing, the

undersigned verbally directed Defendants to produce a legible copy of the subject misconduct report within seven days. The Court granted Plaintiff's request for an extension of time, such that the amended complaint was now due on **December 16, 2022**, and it dismissed the Defendants' motion without prejudice. ECF No. 81. As of this writing, Plaintiff still has not filed his Amended Complaint.

## II.   DISCUSSION

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a civil action may be involuntarily dismissed where the plaintiff "fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Brownlee v. Monroe Cty. Corr. Facility*, No. 19-3169, 2020 WL 3055829, at *2 (3d Cir. June 9, 2020) (citation omitted); *Shields v. Comm'r of Soc. Sec.*, 474 F. Appx'x 857, 858 (3d Cir. 2012). In determining whether to dismiss a complaint under Rule 41(b), courts consider the six factors laid out in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984), to wit:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 878; *see Brownlee*, 2020 WL 3055829, at *2. "Each factor need not be satisfied for the trial court to dismiss a claim." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003). The Court's analysis follows.

*The Extent of Plaintiff's Personal Responsibility*

In this case, Plaintiff is proceeding *pro se*. He therefore bears sole personal responsibility for his own failure to diligently prosecute his case. This factor weighs in favor of dismissal.

*Prejudice to the Defendants*

At this point in time, more than three years has elapsed since the commencement of this action, and the Defendants are still awaiting the filing of Plaintiff's first amended complaint. Even taking Plaintiff's prior excusable neglect into account, the Court notes that five months elapsed between the date that this case was reopened and the date on which Plaintiff first sought more time for filing his amended pleading. It should be noted that the Court does not fault Plaintiff for the delay that occurred between April 15, 2022 (when Plaintiff's last motion for an extension was filed) and November 17, 2022 (when the Court held its hearing on the motion). Still, Plaintiff's repeated failures to comply with the Court's deadlines have unquestionably impeded Defendants' ability to advance this litigation or otherwise bring it to a just and efficient resolution. This delay has significantly prejudiced the Defendants -- a consideration that also weighs in favor of dismissal.

*Plaintiff's History of Dilatoriness*

As the Court's prior discussion shows, Plaintiff has not meaningfully participated in the litigation since the filing of his complaint on April 16, 2020. ECF No. 9. In the ensuing years, he has submitted only motions for more time or documents purporting to explain the reasons for his tardiness. Since the case was reopened on November 15, 2021, he has twice missed the deadline for filing his amended complaint. Although Plaintiff most recently sought to justify his delay on the need for the underlying misconduct report, such documentation was not technically

5

necessary at the pleading stage, as Plaintiff was permitted to aver facts based on a good faith belief that he would be able to later prove his factual contentions. *See* Fed. R. Civ. P. 11(b). The Court nevertheless directed Defendants to produce the requested document in an effort to help advance pretrial proceedings, yet Plaintiff still failed to comply with the Court's extant deadline of December 16, 2022. Notably, no explanation or motion requesting more time has yet been received by this Court. On balance, Plaintiff's extensive history of dilatoriness weighs in favor of dismissal.

*Whether the Plaintiff's Conduct Was Willful or in Bad the filing of Faith*

It appears that, at least since November 2021, Plaintiff's failure to timely amend his pleading has been entirely within his own control and, therefore, presumably willful. The Court assumes that Plaintiff has received all prior case management orders because none of the orders have been returned as undeliverable and Plaintiff has appeared when directed to do so. To reiterate, Plaintiff's recent request for documentation of the underlying misconduct incident was not technically necessary in order for him to successfully plead his claims. The events giving rise to his claims are straightforward and are entirely within Plaintiff's own knowledge; Plaintiff could therefore predicate his claims on good faith factual averments, since the rules of federal civil procedure do not require evidentiary proof at the pleading stage. In any event, despite the Court's direction that Defendants produce the requested documentation, Plaintiff has once again failed to comply with the current December 16, 2022 deadline. Plaintiff could have attempted to obtain another extension of time, but he did not do so. Although the Court does not necessary infer bad faith motives on Plaintiff's part, the Court does view his continual delays as willful. These willful delays further justify the dismissal of Plaintiff's claims.

*The Effectiveness of Lesser Sanctions*

Plaintiff is proceeding *pro se* and *in forma pauperis*; therefore, there are no other appropriate sanctions other than dismissal. *See Riley v. Sec'y Pennsylvania Dep't of Corr.*, 536 F. App'x 222, 226 (3d Cir. 2013); *see also Briscoe v. Klaus*, 538 F.3d 252, 262-263 (3d Cir. 2008). Here again, this factor favors dismissal.

*The Merit of Plaintiff's Claims*

Given the procedural posture of this case, the Court cannot definitively determine whether some of Plaintiff's claims might be successfully re-pled or ultimately proven. Defendants originally argued that the claim against Clark was deficient because the complaint did not allege facts showing his personal involvement in the underlying incident. The fact that Plaintiff has made no attempt to re-plead his claim against Clark suggests a lack of merit. *See Lawson v. Barger*, No. 1:17-cv-97, 2018 WL 6524382, at *3 (W.D. Pa. Oct. 12, 2018) (plaintiff's failure to address arguments raised in a motion to dismiss warranted inference that plaintiff had abandoned those claims), *report and recommendation adopted*, 2018 WL 6523179, at *1 (W.D. Pa. Dec. 12, 2018); *Lada v. Delaware Cty. Community College*, Civil Action No. 08–cv–4754, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009) (observing that "plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested). Although Plaintiff pled colorable claims against Officer Ruf, and Sergeant Severino, the Defendants have denied Plaintiff's original allegations, and their answer to the initial complaint suggests they have potentially meritorious defenses to Plaintiff's claims.

In any event, no single *Poulis* factor is totally dispositive. On balance, the totality of considerations weighs in favor of dismissal.

## III. CONCLUSION

Based upon the foregoing reasons, the Court will dismiss this case, pursuant to Federal Rule of Civil Procedure 41(b), based upon Plaintiff's failure to prosecute his claims.

An appropriate Order follows.

Susan Paradise Baxter
United States District Judge